IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

James Alexander Moore,          )
    Petitioner,          )
                )
v.          )          **1:14cv483 (CMH/MSN)**
                )
Eddie L. Pearson,          )
    Respondent.          )

<u>MEMORANDUM OPINION</u>

James Alexander Moore, Virginia inmate proceeding <u>pro se</u>, has filed a petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction

of second degree murder, statutory burglary, and other offenses entered on a plea of guilty in the

Circuit Court for the City of Norfolk.  On August 6, 2014, respondent filed a Motion to Dismiss

and a Rule 5 Answer, along with a supporting brief.  (Dkt. No. 10-12)  Petitioner was given the

opportunity to file responsive materials, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir.

1975) and Local Rule 7(K), and after an unusually protracted exchange of motions and replies,

petitioner filed a Motion Opposing Respondent's Motion to Dismiss, an affidavit, a traverse, and

a pleading captioned as his "Version of Facts."  (Dkt. No. 47, 49-51)  For the reasons that follow,

respondent's Motion to Dismiss will be granted, and this petition will be dismissed with

prejudice. Petitioner's Motion for Discovery (Dkt. No. 48) and Motion for Reconsideration (Dkt.

No. 58) will be denied.

**I. Background**

According to the Commonwealth's brief on direct appeal, the stipulated facts of

1

petitioner's case were as follow:

> [O]n January 5, 2009 the defendant had called Katrina Wilson and she hung up on him. He went to her home, banged on the door, and demanded that she speak with him. Katrina did not answer the door. The defendant then kicked in the front door, breaking the door frame. He went inside where he was confronted by Katrina's nephew. The defendant threatened to kill Katrina. When told police were on the way, he left (4/27/10 Tr. 8-9).
>
> On April 26, 2009 Katrina and her family were leaving for church. Her family members left in one car. Katrina's next-door neighbor, Wanda Heckstall, saw the defendant walking toward Katrina's home. Ms. Heckstall went into her house to call Katrina to warn her. She got no answer and walked back onto her front porch. Ms. Heckstall saw Katrina sitting in the driver's seat of her car, parked in her driveway. The defendant confronted Katrina at the car. Ms. Heckstall saw the defendant slash Katrina's tire and heard him tell her she was not going anywhere. Ms. Heckstall called 911. She saw the defendant yank Katrina out of the car and stab her, as Ms. Heckstall yelled at him to stop (4/27/10 Tr. 9-10). The defendant ran away, dropping the knife nearby. The knife was found to have the tip broken off. Police found a piece of metal broken off in the trunk lock of Katrina's car. That piece of metal was later matched to [the] knife used to stab Katrina (4/2710 Tr. 10-11, 14-15; Comm. Ex. C-5).
>
> Katrina suffered seven stab wounds, including a fatal wound to her left neck that was five inches deep. ... Katrina's blood was found on the defendant's pants when he was arrested two days later. (4/27/10 Tr. 11, 14; Comm. Ex. C-4).
>
>          *   *   *
>
> The other charges to which the defendant pled guilty were unrelated to the above events. On January 25, 2009 the defendant grabbed a case of cigarettes worth $1118.69 out of the back of a delivery truck that was unloading merchandise at a Wawa store. The defendant jumped out of the truck and ran as the truck's driver yelled at him to stop. Police were nearby. They chased and caught the defendant and recovered the cigarettes that the defendant had thrown down in the chase. The defendant gave a false name and false social security

2

> number when arrested. He tried to destroy a witness statement when
> an officer stepped out of the room (4/27/10 Tr. 12-13).

Case No. 1654-10-1, 1709-10-1; Brief in Opp. to Pet. for Appeal at pp. 3-5.

On March 18, 2009, Moore was indicted for burglarizing the home of Katrina Wilson on January 5, 2009. On April 1, 2009, he was indicted for grand larceny for stealing the case of cigarettes. He was given a bond and was released from custody on April 2, 2009. The murder of Katrina Wilson occurred on April 26, 2009, and Moore was indicted for that offense on October 7, 2009. Id. at 1. On April 27, 2010, Moore pleaded guilty to second degree murder, statutory burglary, grand larceny, and the misdemeanors of destruction of property, presenting a false ID to the police, and obstructing justice. Id. at 2. Motions to withdraw the pleas filed pro se by Moore were denied on June 15, 2010 and July 21, 2010. Also on July 21, 2010, Moore was sentenced to a total of 83 years incarceration, and a prior suspended sentence on a probation violation was revoked. Id.

Moore prosecuted a direct appeal pursuant to Anders v. California, 386 U.S. 738 (1967), in which his counsel raised the following claims:

> 1. The trial court abused its discretion in denying his motion for appointment of an expert to perform a neuropsychological examination for sentencing purposes.
>
> 2. The trial court abused its discretion in refusing to allow him to withdraw his guilty plea on June 15, 2010 and July 21, 2010.

Moore also filed a pro se supplemental petition for appeal in which he raised eight (8) claims of ineffective assistance of counsel and also argued that: (1) the trial court erred in allowing him to act pro se in moving to withdraw his guilty pleas; (2) he was prejudiced by the appointment of a

3

special prosecutor; and (3) his right to gather evidence and prepare a defense was violated by the trial court's ruling that diminished capacity was not a defense.

In an opinion issued on February 23, 2011, the Court of Appeals found the appeal to be "wholly frivolous." In particular, the Court rejected the three points of error suggested by counsel on the merits. As to the claims raised pro se by Moore, the Court found that the eight assignments of error asserting ineffective assistance of counsel were not cognizable on direct appeal. It determined that the claims concerning Moore's pro se status on one of the motions to withdraw the guilty pleas and the appointment of a special prosecutor had not been presented to the trial court and hence were barred from consideration on appeal by Rule 5A:18. Lastly, it found no error in the trial court's ruling that diminished capacity was not a defense. See Moore v. Commonwealth, R. Nos. 1654-10-1 and 1709-10-1 (Va. Ct. App. Feb. 23, 2011). The Supreme Court of Virginia refused Moore's petition for a second-tier appeal on March 14, 2012. Moore v. Commonwealth, R. No. 111062 (Va. Mar. 14, 2012).

Moore then returned to the trial court and filed a 139-page petition for a state writ of habeas corpus, accompanied by copious exhibits. In its response to the petition, the Commonwealth discerned the following claims:

> (a) Moore was denied effective assistance prior to trial when his attorney wrongly advised him to plead guilty after failing to inform him of a mental health report.

> (b) Counsel was ineffective for not investigating or ensuring that Moore received an appropriate evaluation by a competent psychiatrist.

> (c) The Court of Appeals violated his right to counsel by its handling of Moore's appeal after his attorney filed an Anders brief;

4

(d)     He was denied effective assistance of counsel in that his attorney did not file a motion to withdraw the guilty plea or assist petitioner in doing so;

(e)     Appellate counsel was ineffective for failing to adequately review the trial transcript and to prepare an appropriate brief;

(f)     Trial counsel provided ineffective assistance by coercing him to plead guilty;

(g)     Trial counsel failed to investigate or offer authority for the appointment of a neuropsychologist for the purpose of developing mitigating evidence at sentencing;

(h)     Appellate counsel was ineffective for submitting an Anders brief;

(I)     Trial counsel provided ineffective assistance by advising Moore to plead guilty to all charges and to have them consolidated into a single sentencing hearing;

(j)     The trial judge was biased against Moore;

(k)     Moore was deprived of an adequate opportunity to present a defense;

(m)[1]     Moore was wrongfully denied access to an independent defense expert;

(n)     Trial counsel was ineffective for failing to investigate the viability of an insanity defense;

(o)     Trial counsel should have requested an independent psychiatrist and/or additional testing to pursue evidence of brain damage;

(p)     Moore received ineffective assistance when counsel failed to file a pre-trial motion for the appointment of

---

[1]The petition contained no claim "l."

a neuropsychologist;

(q)     Trial counsel erred in failing to subject the prosecution's case to an adversarial process;

(r)     Trial counsel was ineffective for failing to move to recuse the judge;

(s)     Moore was wrongfully denied a complete and appropriate evaluation; and

(t)     Moore was denied a constitutional sentencing hearing.

In an Order dated October 15, 2012, the trial court dismissed Moore's application for habeas relief with prejudice. Specifically, the court determined that claims (c), (j), (k), (m), (s) and (t) were not reviewable in habeas pursuant to the holding of Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E. 2d 680, 682 (1974). Claims (a), (b), (d), (e) (f), (g), (h), (I), (n), (o), (p), (q) and (r) were found to be without merit for reasons which when relevant will be discussed *infra*. Moore v. Pearson, File No. L-12-5389-00. Moore appealed the trial court's order of dismissal to the Supreme Court of Virginia, which ultimately refused the petition for appeal on the holding that there was no reversible error in the order. Moore v. Pearson, R. No. 122127 (Va. Jan. 27, 2014).

Moore then turned to the federal forum and timely filed this application for relief pursuant to §2254 on April 9, 2014. See Pet. at 15. He raises the following claims:

(a)     His plea was involuntary where he was denied an appropriate examination to determine whether he had been impaired by brain damage or was insane at the time of the offenses, and also to develop mitigating evidence for presentation at sentencing.

(b)     The trial court wrongfully denied the defense motion for appointment of an expert to perform a neuropsychological examination to develop mitigating

6

evidence for use at sentencing.

(c)    He was unconstitutionally denied the opportunity to withdraw his guilty plea.

(d)    He was denied the effective assistance of counsel in connection with his entry of guilty pleas.

(e)    He was denied effective assistance of counsel on appeal where his attorney failed to properly inspect the trial transcript and prepare an appropriate appellate brief.

(f)    The Court of Appeals violated his right to counsel by its handling of his appeal after his attorney filed an <u>Anders</u> brief.

(g)    Trial counsel was ineffective for advising him to plead guilty to all charges and to have them consolidated into one sentencing hearing.

(h)    Counsel was ineffective for knowingly representing him despite the existence of a conflict of interest.

## II. Exhaustion

A federal habeas petitioner must first exhaust his claims in state court, and failure to exhaust a claim requires its dismissal by the federal court. <u>See</u> 28 U.S.C. § 2254(b); <u>Rose v. Lundy</u>, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state

habeas petition. <u>Matthews v. Evatt</u>, 105 F.3d 907, 910-11 (4th Cir. 1997).

In this case, respondent first concedes that "petitioner has exhausted his state court remedies as to all of the present claims, as required under 28 U.S.C. §2254(b)." Resp. Brief at 4. Nonetheless, respondent thereafter challenges the federal cognizability of several of petitioner's claims on the ground that the arguments raised here were predicated on different facts in the state forum (<u>e. g.</u>, Claim (a)) or because the claim was not asserted as an error of federal constitutional dimension (<u>e.g.</u>, Claim (b)). These positions are contradictory. A federal habeas claim is exhausted only when both the same legal argument and the same supporting facts previously were presented to and ruled on by the highest state court. <u>Anderson v. Harless</u>, 459 U.S. 4, 6-7 (1982); <u>see</u> <u>Pruett v. Thompson</u>, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), <u>aff'd</u>, 996 F.2d 1560 (4th Cir. 1993) (exhaustion is satisfied only where the "essential legal theories and factual allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court."). Accordingly, if a federal habeas claim was presented in the state courts based on different facts, or was asserted to be a violation of state but not federal constitutional law, it was not properly exhausted for purposes of habeas review. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995).

However, §2254(b)(2) now permits a federal court, in its discretion, to deny on the merits a habeas corpus claim despite the applicant's failure to exhaust available remedies in state court. <u>See</u> <u>Swisher v. True</u>, 325 F.3d 225, 232-33 (4th Cir.), <u>cert. denied</u>, 539 U.S. 971 (2003) (affirming district court's discretionary decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"). As respondent accurately notes, "[t]he extremely rambling and repetitive nature of petitioner's *pro se* pleadings

on direct appeal and state habeas corpus as well as [in] the present action makes it difficult to ascertain exactly what grounds for relief Moore may have advanced in any one action, or how those grounds may have compared with the allegations raised in other actions." Resp. Brief at 4. Because it is apparent that none of petitioner's present claims warrants federal relief, the Court in this case will exercise the discretion provided by § 2254(b)(2) to deny petitioner's federal claims on the merits without undertaking a detailed analysis of each claim's exhaustion *vel non*.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims

9

themselves." <u>McLee v. Angelone</u>, 967 F.Supp. 152, 156 (E.D. Va. 1997), <u>appeal</u> <u>dismissed</u>, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

<u>Claim (a)</u>:  In Claim (a), petitioner asserts that his plea was involuntary where he was denied an appropriate examination to determine whether he had been impaired by brain damage or was insane at the time of the offenses, and also to develop mitigating evidence for presentation at sentencing.  He asserts that his rights under the Sixth Amendment thereby were violated. Pet. at "Ground One."

The record reveals that defense counsel made a pretrial motion for a complete psychological examination to determine petitioner's sanity.  State Habeas Pet., Ex. E.  The motion was granted, and Dr. Alana Hollings was appointed to perform the evaluation. <u>Id.</u>, Ex. E. On March 6, 2010, Dr. Hollings submitted a report concluding that: (1) although she was unable to obtain records regarding a head trauma petitioner suffered at the age of 19 when his aunt hit him with a bat or steel pole and thus could not assess the severity of the injury, "during the mental health exam, no deficits were noted to Mr. Moore's memory or concentration;" and (2) "Mr. Moore's impulsivity, violence and poor judgment on the day of the offense were a result of his anger and drug abuse rather than his head injury.  Based on Mr. Moore's recollection of events as well as a review of the collateral documents, it is my opinion that Mr. Moore was not experiencing a mental disease or defect that significantly impaired his capacity to understand the nature, character and consequences of his actions.  As a result Mr. Moore does not meet [the] criteria as being insane at the time of the offense." <u>Id.</u>, Ex. J at 3.  A copy of Dr. Hollings' report was provided to defense counsel. <u>Id.</u> at 1.

10

On April 27, 2010, approximately six weeks after Dr. Hollings issued her report,
petitioner entered his guilty pleas.  It was acknowledged at the colloquy that "a sanity at the time
offense [sic] has been performed by Dr. Holland." Tr. 4/27/2010 at 18. As will be discussed in
greater detail *infra*, petitioner indicated both in writing and at the colloquy that he  knowingly
and voluntarily waived his Fifth Amendment privilege against self-incrimination, his right to a
trial by jury, and his right to confront his accusers, that he  understood the nature of the charges
against him, and that he was satisfied with the services of his counsel.  Thus, to the extent that
petitioner argues that his pleas were somehow rendered involuntary by Dr. Hollings' evaluation,
the claim fails;  the record is clear that petitioner was aware of the report prior to his entry of the
guilty pleas, and that the pleas as entered with that knowledge were knowing and voluntary.
Bradshaw v. Stumpf, 545 U.S. 175 (2005).   To the extent that petitioner now maintains that Dr.
Hollings conducted an inadequate investigation, his argument states no basis for federal relief,
because there is no cognizable constitutional right to the effective assistance of an expert witness,
as distinct from counsel.  Poyner v. Murray, 964 F.2d 1404, 1419 (4th Cir. 1992).   Accordingly,
no relief is warranted on Claim (a) of this petition.

    Claim (b):  In Claim (b), petitioner contends that the trial court wrongfully denied a
defense motion made after petitioner entered his guilty pleas for the appointment of an expert to
perform a neuropsychological examination to develop mitigating evidence for use at sentencing.
When petitioner made these same allegations on direct appeal, the Court of Appeals rejected his
argument on the following holding:

> Appellant contends the trial court erred by denying his motion for a
> court-appointed expert to perform a neuropsychological evaluation
> after he entered the guilty pleas but prior to the sentencing

11

proceeding.

The trial court stated it was aware of 'no authority' to order the post-trial neuropsychological evaluation. In addition, the trial court stated that it would reconsider the issue if appellant later provided him with statutory authority to do so. Appellant did not do so.

In his petition for appeal, appellant cites to Husske v. Commonwealth, 252 Va. 203, 476 S.E.2d 920 (1996) and argues he made a showing of particularized need for the appointment of an expert.

An indigent defendant who seeks the appointment of an expert must show 'a particularized need for such services and that he will be prejudiced by the lack of expert assistance.' Husske, 252 Va. at 213, 476 S.E.2d at 926. 'Mere hope or suspicion that favorable evidence is available is not enough to require that such help be provided.' Id. at 212, 476 S.E.2d at 925 (citation omitted).

Prior to entering the guilty pleas, appellant was evaluated for competency and sanity. That report concluded that appellant met the criteria for being competent to stand trial, further stating that appellant's 'thoughts were logical and clear.' At the April 27, 2010 hearing on the motion for the post-trial appointment of an expert, appellant asserted, generally, that the pre-trial psychological evaluation of appellant 'brought up' mitigating issues that would be 'significant and important for the trial court to consider in sentencing appellant. However, appellant did not specify what those issues were. Thus, even assuming without deciding that the Husske decision applied to this case, appellant's proffer, his 'generalized statements,' did not show a particularized need. See id. at 213, 476 S.E.2d at 926. In addition, appellant failed to demonstrate that he would be prejudiced by the lack of expert assistance. Accordingly, the trial court did not err by denying the motion.

Moore v. Commonwealth, R. Nos. 1654-10-1 and 1709-10-1, slip op. at 1-2. Because the trial court's order was the last reasoned state court decision on the claims at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

12

In Ake v. Oklahoma, 470 U.S. 68 (1985), the Supreme Court considered whether an indigent defendant has a constitutional right to a psychiatric examination to prepare a defense based on his mental condition, when his sanity at the time he committed the offense is in question. The Court concluded that in such situations, due process is implicated

> ... when [an indigent] defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, [and that in such circumstances] the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense.

Ake, 470 U.S. at 83. Shortly thereafter, in Caldwell v. Mississippi, 472 U.S. 320 (1985), the Court held that the Supreme Court of Mississippi had properly affirmed the decision of a trial court to deny an indigent defendant's requests for non-psychiatric experts where the defendant argued only in general terms that such witnesses would be helpful. The Court noted, "Given that petitioner offered little more than undeveloped assertions that the requested assistance would be beneficial, we find no deprivation of due process in the trial judge's decision." Id. at 323 n. 1. In Husske, the Supreme Court of Virginia concluded that "Ake and Caldwell, when read together, require that the Commonwealth of Virginia, upon request, provided indigent defendants with 'the basic tools of an adequate defense.'" Husske, 252 Va. at 211, quoting Ake, 470 U.S. at 77. However, a defendant's right in this regard "is not absolute;" instead, to warrant the appointment of an expert, an indigent must demonstrate that the subject which necessitates the expert's assistance is "likely to be a significant factor in his defense" and that he will be prejudiced by the lack of such assistance to the point that denial of such services would render his trial fundamentally unfair. Husske, 252 Va. at 212. Further, he must show a particularized rather

13

than merely a generalized need for the expert testimony. Id.

At the April 27, 2010 hearing where petitioner entered his guilty pleas, defense counsel asked the court to appoint a neuropsychologist to gather information for use at sentencing. Tr. 4/27/2010 at 18. When the court inquired as to the authority for doing so, defense counsel asserted that such information would be "extremely relevant in the background of Mr. Moore to understand any possible impairment" and that "although [Moore] does not meet the criteria per Dr. Holland's report for sanity at time of [the] offense ... there are enough issues brought up by Dr. Holland and my involvement that I think there can be – will be some mitigating issues ... and I feel that it's highly appropriate and significant and important with regard to what the Court needs to know in deciding what would be an appropriate sentence for Mr. Moore." Id. at 19. The court denied the motion. Id.

Under these circumstances, the Virginia courts' denial of relief on this claim was both factually reasonable and in accord with controlling federal principles. Counsel's generalized assertions at the April 27, 2010 hearing that a neuropsychologist might discover "some mitigating issues" that counsel "felt" would be "appropriate and significant and important" for the court to know fell well short of the showing of a particularized need required for the appointment of an expert recognized by the Supreme Court in Ake and Caldwell. Because the Virginia court's determination of this claim thus was neither contrary to, nor an unreasonable application of, controlling federal law and was not based on an unreasonable interpretation of the record facts, the same holding must be reached here. Williams, 529 U.S. at 412 - 13.

Claim (c): In Claim (c), petitioner contends that he was unconstitutionally denied the opportunity to withdraw his guilty plea. When petitioner made this same allegation on direct

14

appeal, the Court of Appeals rejected it with the following explanation:

> Appellant argues the trial court abused its discretion by denying his motions to withdraw his guilty pleas filed on June 7, 2010 and July 9, 2010.

> '[W]hether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case,' Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949).

> The standard used to determine whether a motion to withdraw a guilty plea should be granted 'requires the defendant (I) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to proffer evidence of a reasonable basis for contesting guilt.' Cobbins v. Commonwealth, 53 Va. App. 28, 34, 668 S.E.2d 816, 819 (2008).

> At the April 27, 2010 plea hearing, and prior to accepting appellant's guilty pleas, appellant acknowledged to the trial court that he had reviewed with his counsel each line of the 'Advice to Defendants Pleading Guilty' form and he understood what the form stated. Appellant signed the form which stated that he understood the charges and the elements of the charges, he was entering the pleas freely and voluntarily, and he had discussed the charges with his lawyer. The form further indicated appellant understood the maximum punishments for the offense and the rights he waived by entering the guilty pleas. In addition, appellant agreed that he read, understood, and signed the plea agreement with the Commonwealth.

> At the hearing on the motion to withdraw the pleas, appellant asserted he did not want to be viewed as a 'cold-blooded killer' and he 'refuted' the eyewitness' evidence. He also testified that he had wanted to have a trial, but his counsel told him to accept the plea offer. However, appellant's counsel states that he reviewed with appellant 'at length' the 'pros and cons' of accepting the plea agreement and appellant had indicated he 'wanted ' to accept the plea agreement.

> After hearing the arguments, the trial court stated it had also reviewed appellant's file. The trial court found appellant had entered the guilty pleas after having been advised of the consequences of that decision

15

and he did so knowingly and intelligently. '[T]he truth and accuracy of representations made by an accused as to ... the voluntariness and of [and reasons for] his guilty plea will be considered conclusively established by the trial proceedings, unless the [accused] offers a valid reason why he should be permitted to controvert his prior statements." Anderson v. Warden of Powhatan Corr. Ctr., 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981). The trial court also found 'no merit' to appellant's motion to withdraw the guilty pleas.

On the facts and circumstances of this case, we cannot say the trial court abused its discretion by denying the motion to withdraw the guilty pleas. The trial court accepted the representation from counsel that appellant chose to plead guilty after a lengthy review of the consequences of that decision. 'The court's finding as to the credibility of witnesses and the weight of the evidence in support of a motion to withdraw a guilty plea will not be disturbed unless plainly wrong or without evidence to support it.' Jones v. Commonwealth, 29 Va. App. 503, 512, 513 S.E.2d 431, 435 (1999). In addition, at the plea hearing, the trial court addressed the matter with appellant before accepting the guilty pleas. Nothing in the record indicates appellant did not understand the guilty plea proceedings. Because appellant failed to establish a good-faith basis for seeking to withdraw his guilty pleas, the trial court did not abuse its discretion by denying his motion to withdraw his pleas.

Appellant also contends the trial court erred by denying his *pro se* motion to withdraw his guilty pleas which was filed on July 9, 2010. In the motion, appellant repeated his claim that his counsel forced him to enter guilty pleas. He also asserted that he had incurred a head injury twenty years ago and he challenged the evidence against him. However, appellant again failed '(I) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to proffer evidence of a reasonable basis for contesting guilt.' Cobbins, 53 Va. App. at 34, 668 S.E.2d at 819.

At the beginning of the July 21, 2010 sentencing hearing, the trial court ruled on appellant's *pro se* motion, stating that it had again reviewed appellant's case file. In denying the motion, the trial court found appellant's factual allegations in the motion were 'totally without merit,' the legal conclusion in the motion was totally without merit,' and the motion 'was frivolously filed.' On this record, we cannot say the trial court abused its discretion in its ruling.

16

> In his petition for appeal, appellant asserts that he was denied the
> opportunity to be heard on the motion because on July 21, 2010, the
> trial court ruled on the motion without hearing oral argument. This
> was appellant's second motion to withdraw his guilty pleas. The
> issue was also addressed and argued at the hearing held on July 15,
> 2010 at which time appellant had the opportunity to and did present
> oral argument on the issue. Twenty-four days later, on July 9, 2010,
> appellant filed the *pro se* motion to withdraw the guilty pleas. The
> trial court indicated it had read the motion and had again reviewed
> appellant's case file before ruling on the motion. Therefore, the trial
> court did not summarily deny the motion without consideration of eh
> arguments raised by appellant. Accordingly, we find no error.

Moore v. Commonwealth, R. No. 1654-10-1, slip op. at 2-5. The Supreme Court of Virginia

subsequently refused a petition to review the foregoing determination by the Court of Appeals.

Moore v. Commonwealth, R. No. 111062.

As a general rule, a trial court has discretion over whether to permit the withdrawal of a

guilty plea, and a claim asserting that a state trial court abused its discretion does not provide a

basis for federal habeas corpus relief. Stanford v. Parker, 266 F.3d 442, 459 (6th Cir. 2001).

There is no federal or constitutional right to withdraw a guilty plea, and there is no federal or

constitutional right to an evidentiary hearing on a motion to withdraw a guilty plea. Hines v.

Miller, 318 F.3d 157, 162 (2d Cir. 2003). Thus, as expressed, petitioner's Claim (c) presents no

issue that is cognizable on federal habeas corpus review.[2]

---

[2]Even if Claim (c) could be broadly interpreted as a challenge to the validity of petitioner's guilty
pleas, it still would merit no relief. It is well settled that entry of a guilty plea must be an informed
and intelligent decision. Boykin v. Alabama, 395 U.S. 238, 242 (1969). A guilty plea is valid so
long as the defendant knowingly and voluntarily waives his Fifth Amendment privilege against self-
incrimination, his right to a trial by jury, and his right to confront his accusers, and understands the
nature of the charges against him. Bradshaw, 545 U.S. at 175. To establish that a guilty plea did not
meet that standard, a defendant bears the burden of demonstrating that "his mental faculties were so
impaired ...when he pleaded that he was incapable of full understanding and appreciation of the
charges against him, of comprehending his constitutional rights and of realizing the consequences
of his plea." Shaw v. Martin, 733 F.2d 304, 314 (4th Cir. 1984). On the other hand, a guilty plea is

Claims (d), (g) and (h): In Claims (d), (g), and (h), petitioner argues that he received ineffective assistance in connection with his entry of the guilty pleas. In its Order dismissing petitioner's application for a state writ of habeas corpus, the trial court found that these arguments were without merit under both Strickland v. Washington, 466 U.S. 668, 687 (1984) and Hill v. Lockhart, 474 U.S. 52, 58 (1985), L-12-5389-00, Order 10/15/2012 at 3-4, and the Supreme Court of Virginia found was no reversible error in that determination. Moore v. Pearson, R. No. 122127. For the following reasons, those holdings may not be disturbed here.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. at 58. With regard to the "prejudice" prong in the

---

valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Beck v. Angelone, 261 F.3d 377, 394 (4th Cir. 2001). On this record, as discussed in the Court of Appeals' opinion, petitioner's statements on the 'Advice to Defendants Pleading Guilty' form and at the colloquy satisfied the Bradshaw requirements, and he subsequently made no showing of any of the factors discussed in Shaw which might have called into question his comprehension of those statements and their import.

context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

In this case, as noted above, petitioner executed a written form entitled "Advice to Defendants Pleading Guilty."[3] There, in relevant part, petitioner wrote "yes" after each of these statements:

> 9. I fully understand the charges against me. I have talked about these charges and their elements with my lawyer, and I understand what the Commonwealth must prove before I can be found guilty of these charges.

---

[3]The "Advice to Defendants Pleading Guilty" form was marked as the Commonwealth's Exhibit C-1 at the plea hearing. Tr. 4/27/2010 at 7. Through apparent clerical error, the form was not among the records initially provided by the state courts. A copy of the form has now been supplied to this Court and will be added to the federal record by an Order Correcting Record simultaneously with the issuance of this Memorandum Opinion.

19

10. My lawyer and I have had enough time to talk about any possible defenses I may have to these charges.

\* \* \*

25. I have had sufficient time and opportunity to discuss my case in detail with my attorneys.

26. I am entirely satisfied with the services of my attorneys.

27. I have read and discussed every item in this document, *line by line*, with my lawyers, and I understand every item in this document. All of my answers are truthful.

Petitioner signed the form and dated it April 27, 2010.

At the plea colloquy on that same date, the clerk read the charges brought by the grand jury, and petitioner stated that he pleaded guilty to each one. Tr. 4/27/2010 at 3 - 6. The Court ascertained petitioner's date of birth, his tenth-grade level of education, and his ability to read and write. Id. at 7. The Court then asked petitioner if he had read and understood the "Advice to Defendants Pleading Guilty" form, and  petitioner stated that he had read the form, he had reviewed it with counsel, and he understood what it meant prior to signing it. Id. at 8.

On this record, all of petitioner's claims that he received ineffective assistance in connection with the entry of the guilty pleas must be rejected. Petitioner clearly indicated that he was "entirely satisfied" with his lawyers' efforts before he entered the pleas, and he has come forward with no clear and convincing evidence which would call those representations into question. Cf. Beck, 261 F.3d at 396. Therefore, he has failed to overcome the "formidable barrier" created by his own declarations prior to entering the pleas. Blackledge, 431 U.S. at 73-74. Accordingly, the state courts' rejection of Claims (d), (g) and (h) of this petition was both factually reasonable and in accord with applicable federal principles, and those holdings

consequently must be allowed to stand. <u>Williams</u>, 529 U.S. at 412-13.

<u>Claim (e) and (f)</u>: In Claims (e) and (f), petitioner asserts that he received ineffective assistance on direct appeal. On state habeas review, the trial court found that these claims

> ... fail[] under both prongs of <u>Strickland</u>. Further, appellate counsel's filing of an Anders brief complied with all of the procedural requirements mandated by <u>Anders v. California</u>, 386 U.S. 738 (1967). In this regard, it is well-settled that an appellate attorney has substantial discretion in determining what issues to raise on appeal, and petitioner has made no showing that appellate counsel's submission of an <u>Anders</u> brief in this case was constitutionally deficient under the performance prong of <u>Strickland</u>. <u>See Jones v. Barnes</u>, 463 U.S. 745 (1983). Additionally, the Court finds that there is not reasonable probability that of a different result on appeal, but for appellate counsel's claimed ineffectiveness.

L-12-5389-00, Order 10/15/2012 at 3-4.

As the state court acknowledged, the <u>Strickland</u> analysis applies to claims of ineffective assistance on appeal as well as at trial. <u>Matire v. Wainwright</u>, 811 F.2d 1430, 1435 (11th Cir. 1987). Because "appellate counsel is given wide latitude to develop a strategy," <u>Lovitt v. Angelone</u>, 208 F.3d 172, 189 (2000), appellate counsel is not required to assert every conceivable claim on appeal, and counsel's choice of which appellate issues to pursue is virtually unassailable. <u>Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983). Here, there has been no showing that appellate counsel's decision to file an <u>Anders</u> brief on petitioner's behalf satisfies either prong of the <u>Strickland</u> analysis. Accordingly, the state courts' rejection of Claims (e) and (f) was factually reasonable and in accord with applicable federal principles, <u>Strickland</u>, <u>supra</u>, and that result may not be disturbed here. <u>Williams</u>, 529 U.S. at 412-13.

## V. Pending Motions

Presently pending on the docket are several motions which will be disposed of as follow.

21

Petitioner's Motion Opposing Respondent's Motion to Dismiss (Dkt. No. 47) will be denied for the reasons stated in this Memorandum Opinion. Petitioner's Motion for Discovery (Dkt. No. 48) and Motion for Reconsideration (Dkt. No. 58), in which he seeks an evidentiary hearing, will be denied. <u>Cullen v. Pinholster</u>, __ U.S. __, 131 S.Ct. 1388 (April 4, 2011).

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed, with prejudice. An appropriate Order and judgment shall issue.

Entered this __20th__ day of __Sept__ 2016.

_Claude M. Hilton_
United States District Judge

Alexandria, Virginia

22